IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00524-BNB

BYRON CORTEZ,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO,
FRANCIS FALK, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Byron Cortez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Cortez initiated this action by filing *pro se* on February 28, 2013, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado conviction in Denver District Court Case Nos. 91CR1554, 91CR1555, 91CR1557, 91CR1558, and 91CR1563. Mr. Cortez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On March 1, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). ECF No. 4. On April 18, 2013, after being granted an extension of time, Respondents submitted their pre-answer response (ECF No. 10). Mr. Cortez has not

filed a reply to the pre-answer response, although he was provided with the opportunity to do so.

The Court must construe Mr. Cortez's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

While on parole, Mr. Cortez committed acts for which he pleaded guilty in 1991 to five counts of aggravated robbery – one each in five separate cases, Denver District Court Case Nos. 91CR1554, 91CR1555, 91CR1557, 91CR1558, and 91CR1563. ECF No. 10, ex. A at 8, ex. E at 11. In exchange for his guilty pleas, the state dismissed five additional cases of aggravated robbery – 91CRCR1556, 91CR1559, 91CR1560, 91CR1561, and 91CR1562 – as well as habitual criminal sentence enhancers based on prior felony convictions. ECF No. 10, ex. A at 3, 8; ex. E at 3, 11. The trial court imposed five consecutive sentences of thirty-two years each. ECF No. 1 at 28 (*People v. Cortez*, No. 11CA2157 (Colo. Ct. App. Nov. 15, 2012)).

Mr. Cortez did not appeal directly. Instead, he challenged his convictions and sentences through postconviction motions which the Colorado Court of Appeals described in No. 11CA2157 as follows:

> Over the past twenty years, defendant has filed numerous postconviction motions, all of which have been denied by the trial court. Some of the court's orders have been appealed and the denials affirmed by divisions of this court.

ECF No. 1 at 28. Mr. Cortez's most recent appeal concluded on February 8, 2013.

ECF No. 10, ex. A at 3, ex. E at 4. On February 28, 2013, Mr. Cortez initiated the instant action. ECF No. 1. He asserts three claims that:

> (1)    Denial of a federal constitutional right to direct appellate review of his conviction. ECF No. 1 at 6.
>
> (2)    Denial of his federal constitutional right to a speedy trial. ECF No. 1 at 7.
>
> (3)    Denial of the effective assistance of counsel on several grounds:
>
>> (a)    Counsel failed to appeal directly Applicant's sentences, which were illegal. ECF No. 1 at 8.
>>
>> (b)    Counsel failed to object to "the illegal amendment by the prosecution of Section 18-4-302(1)(a), as to 'simulated weapon' in violation of Ex Post Facto legislation and 'fair warning.'" ECF No. 1 at 8.
>>
>> (c)    Counsel failed to object to the court's setting of a trial date that was beyond the statutory limits outlined by the Uniform Mandatory Disposition of Detainers Act and/or the Interstate Agreement on Detainers. ECF No. 1 at 8.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in

> violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the instant action, Mr. Cortez pleaded guilty and was sentenced in 1991, prior to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Consequently, the one-year limitation period began to run on April 24, 1996, when the AEDPA went into effect, and is tolled during the time a properly filed state motion for postconviction relief is pending. *See* § 2244(d)(2); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

The Court next must determine whether any of Mr. Cortez's state court postconviction proceedings tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a post-conviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th

Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Mr. Cortez filed on April 24, 1997, the last day of the one-year limitation period, *see United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003), a postconviction motion to withdraw guilty plea. ECF No. 10, ex. A at 7. However, the motion, which the trial court treated as his first postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, was denied on May 27, 1997, as time-barred because it was not filed within three years from the date of conviction pursuant to Colo. Rev. Stat. § 16-5-402(1). ECF No. 10, ex. A at 7. Therefore, the Court must determine whether the Colo. R. Crim. P. 35(c) postconviction motion tolled the one-year limitation period as a "properly filed" application for state postconviction or other collateral review. 28 U.S.C. § 2244(d)(2).

An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing,

>such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). The Colo. R. Crim. P. 35(c) motion filed on April 24, 1997, could not have tolled the one-year limitation period under § 2244(d)(2) because that motion was untimely. *See id.*; *see also Sandles v. Denver Downtown Correctional Facility*, No. 10-cv-01386-BNB, 2010 WL 3730346, at *4 (D. Colo. Sept. 16, 2010) (not published) (citing *Habteselassie* for the proposition that an untimely postconviction motion will not toll the one-year limitation period); *Kilgore v. Attorney Gen. of Colorado*, 347 F. App'x 414, 417 n.4 (10th Cir. 2009) (postconviction motion untimely under Colo. Rev. Stat. § 16-5-402(1) is not "properly filed" and does not toll one-year limitation period). As a result, the limitations period expired on April 25, 1997, long before Mr. Cortez filed the instant action.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324. Mr. Cortez's ignorance of the law does not justify the extraordinary remedy of equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v. Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010).

Mr. Cortez fails to assert any reason for this Court to toll the one-year limitation period. Therefore, under § 2244(d), Mr. Cortez is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Cortez has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Cortez files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  23rd  day of    May           , 2013.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court